**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-01269-001-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Samuel James Adams, Jr., | |
| Defendant. | |

Pending before the Court is a motion to dismiss the indictment filed by Defendant Samuel James Adams, Jr. ("Defendant"). (Doc. 43.) The motion is fully briefed and the Court concludes that oral argument is unnecessary. *See* LRCiv 7.2(f); LRCrim 12.1(a), 47.1. For the reasons that follow, the motion is denied.

## RELEVANT BACKGROUND

On September 5, 2023, the grand jury returned an indictment charging Defendant with the crime of being a felon in possession of a firearm and/or ammunition, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) The indictment alleges that on March 31, 2023, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, Defendant knowingly possessed an SCCY model CPX-2 9mm Luger pistol, a black extended 9mm ammunition magazine, and 12 rounds of 9mm ammunition. (*Id.*)

On December 9, 2024, Defendant filed the pending motion to dismiss. (Doc. 43.)

On December 20, 2024, the government filed a response. (Doc. 46.)

On January 10, 2025, Defendant filed a reply. (Doc. 50.)

**DISCUSSION**

I.  <u>The Parties' Arguments</u>

Defendant moves "to dismiss the indictment against him because the charged statute, 18 U.S.C. § 922(g)(1), is facially unconstitutional under the Second Amendment and, alternatively, as applied to [him]. While *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010), might have previously foreclosed [this] challenge, the *Vongxay* decision has been undermined to the point of abrogation and has been effectively overruled by the Supreme Court's intervening, watershed decision in *New York Rifle & Pistol Assoc., Inc., v. Bruen*, 597 U.S. 1 (2022), as clarified in *United States v. Rahimi*, 602 U.S. 680 (2024)." (Doc. 43 at 1.) As for the as-applied challenge, Defendant acknowledges that he has "one criminal conviction that qualifies as a predicate felony conviction under Section 922(g)(1)," which is "his Arizona state conviction for unlawful flight from a law enforcement vehicle, a class 5 felony with a prior, for which he was sentenced on October 21, 2020, to the presumptive term of 2.25 years in state prison," but argues that "[e]ven if there are constitutional applications of Section 922(g)(1), historical tradition does not support forever disarming an individual . . . whose predicate felony conviction . . . is nonviolent and whose sentence for that conviction is completed." (*Id.* at 3.)

The government responds that "Defendant's Motion should be denied because: (1) binding Ninth Circuit precedent has already found § 922(g)(1) constitutional as to both violent and non-violent felons; (2) Defendant is not part of 'the people' protected under the Second Amendment; and (3) even if the Defendant is a part of 'the people,' disarming non-law-abiding felons falls within this Nation's long-standing history and tradition of firearm regulation." (Doc. 46 at 3.) The government also notes that, in *United States v. Jessup*, 2024 WL 4108007 (D. Ariz. 2024), this Court recently rejected a similar constitutional challenge to § 922(g)(1). (*Id.* at 7.)

In reply, Defendant "urges the Court to reconsider its rationale in *Jessup* and to find that *Vongxay* was effectively overruled by the Supreme Court's intervening Second Amendment decisions in [*Bruen*] and [*Rahimi*]." (Doc. 50 at 1.)

## II.    Analysis

The arguments presented here are essentially identical to the arguments presented in *Jessup*.  There, as here, a defendant charged with a felon-in-possession offense argued that § 922(g)(1) is unconstitutional because "*Vongxay*'s reasoning is irreconcilable with *Bruen*."  *Jessup*, 2024 WL 4108007 at *2.  In a September 2024 order, the Court rejected that argument, concluding that "under Ninth Circuit law as it stands today, the Second Amendment does not preclude the application of 18 U.S.C. § 922(g)(1) to any defendant with a prior felony conviction, regardless of the nature of that conviction."  *Id.*  No intervening decision by the Ninth Circuit or Supreme Court has called that conclusion into question, so the Court sees no basis for reconsidering it here.  "Although the *en banc* panel in *Duarte* may, in the coming months, decide to reconsider *Vongxay*, this Court is duty-bound to follow *Vongxay* unless and until it is overruled."  *Id.*

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss the indictment (Doc. 43) is **denied**.

Dated this 14th day of January, 2025.

_____
Dominic W. Lanza
United States District Judge